UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTINE LEDAY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BRENDA MEREDITH, et. al, )<br>)<br>Defendants. ) | 1:08-cv-1702- SEB |

### ENTRY DENYING PLAINTIFF'S MOTION FOR LEAVE TO REOPEN CASE
(Docket No. 37)

On August 25, 2009, this cause was dismissed without prejudice for Plaintiff's failure to prosecute. It is now before the Court on Plaintiff's Motion for Leave to Reopen Case. Defendants object. For the reasons explained in this Entry, we deny Plaintiff's motion.

*Facts*

Plaintiff, acting *pro se*, filed this action alleging employment discrimination based on race and age on December 19, 2008. [Complaint at Docket No. 1.] On April 15, 2009, the Court approved a Case Management Plan establishing dates and deadlines for parties' pretrial filings and also set a telephonic status conference for July 27, 2009. [Entry for April 15, 2009 at Docket No 19 and Order Approving Case Management Plan at Docket No. 20.] Plaintiff did not participate in the July 27, 2009, telephonic status conference as ordered and she also failed to file her preliminary witness and exhibit lists by the deadline established in the Case Management Plan. [Order to Show Cause at Docket No. 32.] Because of these failures, the Court issued an order on July 28, 2009, requiring Plaintiff to show cause within ten (10) days why the case should not be dismissed for her failure to prosecute. [Order to Show Cause at Docket No. 32.] The Court's order

warned: "If the plaintiff fails to show cause as directed, the court will dismiss the action for failure to prosecute without further notice." [Order to Show Cause at Docket No. 32.]

After the ten (10) day deadline for Plaintiff's response to the show cause order had already expired, lawyers Cherry Malichi and Kimberly J. Bacon filed appearances on behalf of Plaintiff. Neither lawyer filed any kind of belated response to the show cause order on Plaintiff's behalf.

On August 25, 2009, twenty-eight (28) days after the show cause order was issued, the Court dismissed this cause for Plaintiff's failure to prosecute based on Plaintiff's failure to participate in the July 27, 2009, telephonic conference and her failure to file her preliminary witness and exhibit lists as ordered. [Entry at Docket No. 35.] A corresponding judgment was entered. [Judgment at Docket No. 36.] The Court's electronic records reflect that the dismissal entry and the judgment were served on both of Plaintiff's lawyers. [Notice of Electronic Filing for Docket No. 35 and Notice of Electronic Filing for Docket No. 36.]

There was no further activity on the docket of this cause until July 13, 2010, on which date Plaintiff, by and through her counsel, Ms. Malichi and Ms. Bacon, filed the Motion to Reopen that is now before the Court.

*Discussion*

Plaintiff, citing no case law, rule or other authority, argues that: "As a pro se litigant, [she] did not fully appreciate the importance of attending status conferences and adhering to the deadlines established in the case management plan." [Motion for Lave to Reopen Case at Docket No. 37, p. 1 - 2 at ¶6.] She further argues that: "this case [should] be reopened because [her] Complaint was filed in good faith and her claims are meritorious." [Motion for Lave to Reopen Case at Docket No. 37, p. 2 at ¶7.]

### *1. Standard of Review*

Any substantive post-judgment motion filed more than twenty-eight (28) days after the entry of judgment is evaluated as a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  See Easley v. Kirmsee, 382 F. 3d 693, 696 n. 2 (7th Cir. 2004) and Fed. R. Civ. P. 59(e) as amended in 2009.  Relief under Rule 60(b) is an "extraordinary remedy available only in exceptional circumstances." Smith v. Widman Trucking & Excavating, 627 F.2d 792, 796 (7th Cir. 1980).  Rule 60(b) permits a party to seek relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud.  Fed. R. Civ. P. 60(b).  It also permits a party to seek relief for "any other reason that justifies relief." Id.  A district court's decision "not to reopen or set aside a judgment under Rule 60(b) may be reviewed only for abuse of discretion and to find abuse of discretion, [the appellate court] must find that no reasonable person could disagree with the district court." McLaughlin v. Jung, 859 F.2d 1310, 1312 (7th Cir. 1988).

### *2. Analysis*

The arguments offered by Plaintiff (a scant two sentences) are insufficient to warrant Rule 60(b)'s extraordinary relief.  We are skeptical of Plaintiff's claim that because she initiated this action on her own, without a lawyer, she "did not fully appreciate" the importance of complying with Court orders and deadlines.  However, even if that is true, such claim does not excuse her failures.  "[P]ro se litigants do not enjoy 'unbridled license to disregard clearly communicated court orders and are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines." DeFalco v. Oak Lawn Public Library, 25 Fed. Appx. 455, 457 (7th Cir. 2001) (quoting Downs v. Westphal, 78 F.3d 1252, 1257 (7th Cir. 1996).  See also Mitchell v. Union Pacific R. Co., 501 F.3d 794, 796 (7th Cir. 2007) ("a litigant's pro se status does not afford license to disobey orders

from this court") and Newsome v. Farer, 708 P.2d 327, 419 (N.M. 1985) ("a pro se litigant, must comply with the rules and orders of the court, enjoying no greater rights than those who employ counsel").

Additionally, Plaintiff has failed to explain why, after being *expressly warned* that her failure to respond to the Court's show cause order would result in the dismissal of this action, she did not, at that point, come to appreciate the importance of Court imposed deadlines and allowed the deadline for her response to the Court's show cause order to expire without responding. Likewise, Plaintiff has failed to explain why, after she retained counsel, she did not immediately seek leave to file a belated response to the Court's show cause order, for, surely, her counsel understood and appreciated the importance of Court imposed deadlines. And, finally, Plaintiff has not explained why, after this case was dismissed, she did not act promptly to move to reopen it and, instead, delayed nearly an *entire year* before filing her Motion to Reopen.

"Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party cannot decide for itself when it feels like pressing its action and when it feels like taking a break." James v. McDonald's Corp., 417 F.3d 672, 681 (7th Cir. 2005) (citing GCIU Employer Ret. Fund v. Chicago Tribune Co., 8 F.3d 1195, 1198- 99 (7th Cir. 1993). Plaintiff and her attorneys have proffered no facts or other evidence to establish that the dismissal of this action and the delay in the filing of Plaintiff's Motion to Reopen are attributable to anything other than carelessness, neglect, or a lack of diligence. "It is well established that carelessness or lack of due care on the part of a litigant or her attorney does not provide a basis of relief under Rule 60(b)." McLaughlin v. Jung, 859 F.2d 1310, 1312 (7th Cir. 1988).

*Conclusion*

Relief under Rule 60(b) is not appropriate under the facts and circumstances presented here.

Accordingly, Plaintiff's Motion to Reopen is DENIED.[1]

IT IS SO ORDERED.

Date: 09/13/2010

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

**Kimberly J. Bacon**
suite800law@att.net,kbacon01@comcast.net

**Laura Lee Bowker**
OFFICE OF THE INDIANA ATTORNEY GENERAL
laura.bowker@atg.in.gov,laurabowker@hotmail.com,Troyellen.Daniels@atg.in.gov

**Akia Haynes**
INDIANA OFFICE OF THE ATTORNEY GENERAL
akia.haynes@atg.in.gov,Annika.Brown@atg.in.gov

**Cherry Malichi**
LEE COSSELL KUEHN & LOVE LLP
cmalichi@nleelaw.com,ttoles@nleelaw.com

---

[1] Because this action will not be reopened, it is not necessary for the Court to address the merits of Plaintiff's motion for leave to amend her Complaint in this action, which seeks to add a new party and new claims to this action.  Accordingly, Plaintiff's Motion for Leave to Amend Civil Rights Complaint (filed on July 13, 2010, at Docket No. 38) is **DENIED AS MOOT**.